In the Interest D.A.N. and D.G.N., Jr., Minor Children

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-05-049-CV

        2-05-165-CV

IN THE INTEREST OF D.A.N. AND D.G.N., JR., 

MINOR CHILDREN

------------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

------------

ORDER AND MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Dannie G. Neal has filed a notice of appeal complaining of (1) the October 12, 2004 order of the district judge and (2) the December 16, 2004 recommendation of the associate judge.  To invoke this court’s jurisdiction over his appeal from the October 12, 2004 order, Appellant was required to file his notice of appeal by November 11, 2004; however, Appellant did not file his notice of appeal until January 18, 2005, more than two months after the filing deadline.  
See
 
Tex. R. App. P.
 26.1.

Because Appellant’s notice of appeal appeared untimely, we notified him that we would dismiss this appeal unless he or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal.  
See
 
Tex. R. App. P.
 42.3.  Appellant responded that the October 12, 2004 order was not mailed to him until November 16, 2004, after the appellate deadline had already passed.  Appellant argues that because the October 12, 2004 order resulted in the December 16, 2004 order, good cause exists for his appeal to continue. 

Even if Appellant did not have notice of the trial court’s order until it was mailed to him after the appellate deadline had already expired, he did not ask the trial court for additional time to file his notice of appeal.  
See 
Tex. R. App. P.
 4.2; 
Tex. R. Civ. P.
 306a.4-5.  In his response to this court’s notice, Appellant does request this court to grant him an extension of time to file his notice of appeal “out of time,” but we may extend the time to file a notice of appeal only if a party files its notice of appeal within fifteen days after the deadline and files a motion that reasonably explains the need for an extension.  
See
 
Tex. R. App. P.
 10.5(b)(1)(C), 26.3.  Once this fifteen-day period has passed, a party can no longer invoke the appellate court’s jurisdiction.  
See
 
Verburgt v. Dorner
, 959 S.W.2d 615, 617 (Tex. 1997).  Accordingly, Appellant was required to file his notice of appeal by November 29, 2004 to timely imply a request for an extension.  He did not file his notice of appeal until January 18, 2005.

The times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal 
or extension request
, we must dismiss the appeal.  
See 
Tex. R. App. P.
 2, 25.1(b); 
Verburgt
, 959 S.W.2d at 617.  Appellant’s 
notice of appeal was not timely as to the October 12, 2004 order, and we 
cannot suspend operation of the appellate rules to alter the time for perfecting an appeal in a civil case.  
Tex. R. App. P. 
2, 25.1(b)
.  Accordingly, we order the portion of the appeal that seeks review of the district judge’s 
October 12, 2004 order severed from our cause number 
2-05-049-CV
 and docketed under cause number 2-05-165-CV.  We dismiss the appeal in cause number 2-05-165-CV
 for want of jurisdiction
.  
See 
Tex. R. App. P. 
42.3(a), 43.2(f)
.

PER CURIAM 

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED:  May 26, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.